UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT WILLIAM LAWVER,<br><br>  Petitioner,<br>v.<br>WARDEN, *et al.*,<br><br>  Respondents. | Case No. 3:16-cv-00379-MMD-VPC<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application to proceed *in forma pauperis* (ECF No. 1) and for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases (the Habeas Rules). The Court finds that petitioner is unable to pay the filing fee, and the pauper application will be granted. Following review, it appears that the petition potentially is subject to dismissal as time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1). The Court will direct an initial response from respondents limited to the timeliness issue.

**I.   BACKGROUND**

Petitioner's papers and the online docket records of the state courts reflect the following procedural background.[1]

---

[1] The Court takes judicial notice of the online docket records of the state courts. *E.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket records of the state district court and the state appellate courts may be accessed from: https://www.washoecourts.com/ http://nvcourts.gov/Supreme/

Petitioner Robert William Lawver challenges his Nevada state conviction, pursuant to a guilty plea, of attempted lewdness with a child under the age of fourteen years.

On March 7, 2012, the Supreme Court of Nevada affirmed petitioner's conviction on direct appeal, in No. 59192 in that court.

The time period for seeking *certiorari* review in the United States Supreme Court expired on June 5, 2012.

After 272 days had passed, on March 5, 2013, petitioner filed a state post-conviction petition. Proceedings on the petition were pending in the state district court and thereafter the state appellate courts continuously through the issuance of the remittitur in No. 68701 in the state supreme court on March 15, 2016.

After at least another 97 days had passed, on or after June 21, 2016, petitioner mailed the federal petition to the Clerk of this Court for filing.

**II.    DISCUSSION**

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." On the current record, the limitation period therefore began running after the time period expired for seeking *certiorari* review, *i.e.*, after June 5, 2012.

Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. Petitioner's timely state petition therefore statutorily tolled the limitation period from March 5, 2013, through March 15, 2016.

Absent other tolling or delayed accrual, 272 days elapsed between the June 5, 2012, expiration of the time to seek *certiorari* review and the March 5, 2013, filing of the state petition. *See generally Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the day from which the limitation period begins to run is excluded from the count). Accordingly, the federal limitation period expired 93 days after the issuance of the March

15, 2016, remittitur, on June 16, 2016, absent other tolling or delayed accrual. The federal petition was not mailed for filing until at least five days later, on or after June 21, 2016. The petition therefore is untimely on its face.

The Court concludes that the most efficient manner to address the timeliness issue in this case is to serve the petition for a response from respondents limited to that issue. Petitioner asserts in the petition that he filed a motion for relief from judgment on March 15, 2013, that remains pending. (*See* ECF No. 1-1 at 3.) The state district court's online docket sheet for No. CR11-0361 in that court, however, reflects that the motion was denied in a June 8, 2015, order denying the state petition, a motion to withdraw guilty plea, and the motion for relief from judgment. The most efficient manner to address the timeliness issue therefore would appear to be potentially on a motion to dismiss filed together with the potentially relevant state record materials.[2]

### III.  CONCLUSION

It therefore is ordered that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is granted and that petitioner will not be required to pay the filing fee.

It further is ordered that the Clerk of Court file the petition and accompanying motion for appointment of counsel, which motion will remain under submission pending consideration of the timeliness issue.[3]

It further is ordered that the Clerk add state attorney general Adam P. Laxalt as counsel for respondents and make informal electronic service of this order and petitioner's

///

---

[2] The Court expresses no opinion at this juncture as to whether the motion for relief for judgment constituted a timely and otherwise properly filed application for collateral review.

[3] The filing of the petition does not signify that the petition is free of other potential deficiencies. The Court is considering the timeliness of the petition in the first instance.

The Court does not find that the interests of justice require the appointment of counsel pending the timeliness inquiry. There is no constitutional right to appointment of counsel in a federal habeas proceeding. Petitioner has demonstrated an ability to present his position *pro se* that is adequate to enable him to respond initially on the timeliness issue. The Court will consider the counsel motion again in connection with its review of the completed briefing on the respondents' response.

1 papers upon respondents via notice of electronic filing. Respondents' counsel must enter
2 a notice of appearance within twenty-one (21) days of entry of this order.

3 It further is ordered that, pursuant to Habeas Rule 4, within sixty (60) days of entry
4 of this order, respondents must file a response directed only to issues regarding
5 timeliness, including petitioner's claim of actual innocence as it pertains to the time-bar
6 issue. Respondents will not be deemed to have waived any other defenses by filing the
7 limited response directed by the Court.

8 It further is ordered that, with the above limited response, respondents must file
9 and serve copies of the state court record materials potentially relevant to the timeliness
10 issue, including as to the claim of actual innocence, including but not necessarily limited
11 to:

12    (a) any justice court and state district court minutes;
13    (b) the transcript of any preliminary hearing, if previously transcribed;
14    (c) the written guilty plea agreement;
15    (d) the guilty plea colloquy transcript, if previously transcribed;
16    (e) the sentencing transcript, if previously transcribed;
17    (f) the state court judgment of conviction and any amendments thereto;
18    (g) the order of affirmance and remittitur on direct appeal;
19    (h) all petitions and/or motions seeking to overturn the plea and/or
20        judgment, including all motions to withdraw plea, post-conviction
21        petitions, and motions for relief from judgment; and
22    (i) all state district court and appellate court orders or decisions
23        resolving such petitions and/or motions, together with any remittiturs
24        issued.

25 It further is ordered that the exhibits must be filed with a separate index of exhibits
26 identifying the exhibits by number. The CM/ECF attachments that are filed further must
27 be identified by the number or numbers of the exhibits in the attachment. If the exhibits
28 filed will span more than one ECF Number in the record, the first document under each

4

successive ECF Number must be either another copy of the index, a volume cover page, or some other document serving as a filler, so that each exhibit under the ECF Number thereafter will be listed under an attachment number (*i.e.*, attachment 1, 2, etc.). The Court otherwise waives compliance with Local Rule LR IA 10-3(e) with regard to the exhibits.

It further is ordered that the hard copy of any exhibits filed must be delivered — for this case — to the Reno Clerk's Office.

It further is ordered that petitioner will have thirty (30) days from service of the respondents' response to mail his response thereto to the Clerk for filing. Respondents' reply time thereafter will be as set forth in the local rules.[4]

It is further ordered that, after respondents' counsel enters a notice of appearance, petitioner must send a copy of each paper presented thereafter to the Court to the individual attorney listed in the notice of appearance and must attach a certificate of such service to each such paper presented. Moreover, all requests for relief presented herein must be presented by motion rather than letter. Neither the Court nor the Clerk respond to or take action based upon letters.

DATED THIS 29th day of December 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[4] The parties further are reminded that, under Local Rule LR IC 6-1(a)(2), "[i]f the involvement of a minor child must be mentioned, only the initials of that child should be used." The rule applies even if the child has become an adult in intervening years. The local rule requires redaction of the names of the child from exhibits as well as use of only their initials in other filings.