UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT WILLIAM LAWVER,<br>Petitioner,<br>v.<br>WARDEN, *et al.*,<br>Respondents. | Case No. 3:16-cv-00379-MMD-VPC<br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion for appointment of counsel (ECF No. 5) and for review of the timeliness issue herein.

I. **BACKGROUND**

Petitioner Robert William Lawver challenges his Nevada state conviction, pursuant to a guilty plea, of attempted lewdness with a child under the age of fourteen years.

On March 7, 2012, the Supreme Court of Nevada affirmed petitioner's conviction on direct appeal in No. 59192 in that court.

The time period for seeking *certiorari* review in the United States Supreme Court expired on June 5, 2012.

After 272 days had passed, on March 5, 2013, petitioner filed a state post-conviction petition. Proceedings on the petition were pending in the state district court and thereafter the state appellate courts continuously through the issuance of the remittitur in No. 68701 in the state supreme court on March 15, 2016.

1 | After at least another 97 days had passed, on or after June 21, 2016, petitioner mailed the federal petition to the Clerk of this Court for filing.

## II. DISCUSSION

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." On the current record, the limitation period therefore began running after the time period expired for seeking *certiorari* review, *i.e.*, after June 5, 2012.

Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. Petitioner's timely state petition therefore statutorily tolled the limitation period from March 5, 2013, through March 15, 2016.

Absent other tolling or delayed accrual, 272 days elapsed between the June 5, 2012, expiration of the time to seek *certiorari* review and the March 5, 2013, filing of the state petition. *See generally Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the day from which the limitation period begins to run is excluded from the count). Accordingly, the federal limitation period expired 93 days after the issuance of the March 15, 2016, remittitur, on June 16, 2016, absent other tolling or delayed accrual. The federal petition was not mailed for filing until at least five days later, on or after June 21, 2016. The petition therefore is untimely on its face.[1]

///

---

[1] Petitioner asserted in the petition that he filed a motion for relief from judgment on March 15, 2013, that remained pending. (ECF No. 1-1, at 3.) The state court record establishes, however, that the motion was denied in a June 8, 2015, order denying the state post-conviction petition, a motion to withdraw guilty plea, and the motion for relief from judgment. (ECF No. 12-7 at 5-6; Exhibit 97.) Any and all timely requests for appellate relief from that order were resolved by the same above-referenced proceeding in No. 68701 of the Nevada Supreme Court that culminated with the March 15, 2016, issuance of the remittitur. Proceedings on the motion for relief from judgment did not extend for any period of time beyond that during which proceedings also were pending on petitioner's state post-conviction petition. The motion for relief from judgment thus has no impact on the calculation of the running of the federal limitation period.

1     Petitioner urges in a reply (ECF No. 9) that the above calculation is incorrect by
2 156 days because: (a) an alleged April 10, 2012, filing date of the remittitur on the direct
3 appeal in No. 59192 was the pertinent date in the calculation rather than the March 7,
4 2012, date of the order of affirmance; and (b) he had 120 days from that later date to file
5 a *certiorari* petition in the United States Supreme Court.

6     Petitioner is incorrect. The expiration of the time for filing a *certiorari* petition
7 concludes direct review on a direct appeal in a state criminal case for purposes of §
8 2244(d)(1)(A). Under Rule 13(1) of the Supreme Court Rules, "a petition for a writ of
9 certiorari to review a judgment in any case, civil or criminal, entered by a state court of
10 last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after
11 entry of the judgment." Under Supreme Court Rule 13(3), that 90-day period "runs from
12 the date of entry of the judgment or order sought to be reviewed, and not from the
13 issuance date of the mandate (or its equivalent under local practice)." The 90-day
14 period thus runs from the order of affirmance, not the remittitur, which is the equivalent
15 of the mandate under Nevada state practice.

16     The pertinent period of time therefore is 90 days, not 120 days; and the pertinent
17 date is the March 7, 2012, the date on which the order of affirmance was issued, not a
18 later date associated with the issuance of the remittitur.[2] The limitation period in this
19 case therefore began running 90 days after the March 7, 2012, order of affirmance, *i.e.*,
20 after June 5, 2012.

21     Petitioner has not made a factual showing that would establish a basis for
22 equitable tolling of the limitation period. His unspecific and unsupported assertions that

---

[2] The remittitur issued in the state supreme court on April 2, 2012, not April 10, 2012. (ECF No. 10-12; Exhibit 42.) The exact date in any event simply is irrelevant when calculating the running of the limitation period after a direct appeal under § 2244(d)(1)(A). The date a remittitur is issued is relevant only when calculating how long a state post-conviction proceeding is pending under § 2244(d)(2), as such a proceeding is regarded as pending through the issuance of the remittitur. *E.g., Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). The period of time that a state post-conviction petition is pending, in contrast to a direct appeal, is not extended further by the 90-day period for seeking *certiorari* review. *E.g., Lawrence v. Florida*, 549 U.S. 327 (2007). All of the foregoing has properly been taken into account in the Court's calculation of the limitation period herein.

he "never received my full case file to file a proper Habeas Corpus," that he did "not have adequate law library access to research legal materials," and that "all legal aide [sic] is provided by jailhouse attorneys in the same predicament as myself" (ECF No. 9 at 2) do not establish on the record presented that extraordinary circumstances prevented a timely filing of the federal petition. Petitioner filed a timely state petition and also a federal petition, albeit five days late, notwithstanding such conclusorily-alleged circumstances. His unspecific assertions do not establish a causal relationship between any such circumstance and the late filing of the federal petition.

Petitioner further has not made any showing of a basis for delayed accrual under § 2244(d)(1)(B) through (D).

Petitioner further has not made any showing of actual factual innocence with newly presented evidence, after asserting actual innocence earlier herein, following upon respondents' presentation on this issue in their response. *(See* ECF No. 7 at 3-4.)

The Court accordingly will deny the pending motion for appointment of counsel. The Court had held the motion under advisement pending the responses on the timeliness inquiry. Petitioner has failed to present any specific allegations that would necessitate or warrant the appointment of counsel for further factual development. Following consideration of, *inter alia*, the potential procedural and substantive issues in the case and petitioner's ability to articulate his position with the resources available to him, the Court finds that the interests of justice do not require the appointment of counsel herein under 18 U.S.C. § 3006A.[3]

Based on the unspecific and unsupported responses submitted by petitioner to date, the action is subject to dismissal without prejudice as time-barred. Respondents,

---

[3] On petitioner's motion for appointment of counsel, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986).

however, did not file a motion to dismiss but instead filed a paper styled as a "limited response." The Court accordingly will give petitioner one last chance to show cause why the petition should not be dismissed as untimely.

In this regard, the Court has denied petitioner's motion for appointment of counsel. He must respond to this show-cause order in proper person, without the assistance of counsel. If he again responds with vague generalities — as to facts that necessarily would be within his own personal knowledge — while continuing to maintain that he needs appointment of counsel to respond, the action will be dismissed without further advance notice.

Also in this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

///
///
///
///
///
///

5

Petitioner further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date. *See* 28 U.S.C. § 2244(d)(1)(B), (C) & (D).[5]

Petitioner further is informed that, if petitioner seeks to avoid application of the one-year limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt, potentially as to all charges pending against him prior to his plea. *See McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Bousley v. United States*, 523 U.S. 614 (1998); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (*en banc*).

## III. CONCLUSION

It therefore is ordered that petitioner's motion for appointment of counsel (ECF No. 5) is denied.

It further is ordered that, within thirty (30) days of entry of this order, petitioner must show cause in writing why the petition should not be dismissed with prejudice as

---

[5]Subparagraph (d)(1) of § 2244 provides in full:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

time-barred. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice without further advance notice. If petitioner responds but fails to show with specific, detailed and competent evidence why the petition should not be dismissed as untimely, the action will be dismissed with prejudice.

It further is ordered that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

It is further ordered that: (a) respondents may file a response within thirty (30) days of service of a response by petitioner; and (b) respondents further must file a corrected index of exhibits by that time, as the index was off by one exhibit at least circa Exhibits 97-99.

DATED THIS 29th day of September 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE